David Abrams, Attorney at Law
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

_____

Daniel Arriaga,

              Plaintiff,

       - against -                  Case No.11 cv 5338 (FB)(RML)

Roman Catholic Church of the Queen
of All Saints a/k/a Queen of All Saints
School a/k/a Queen of All Saints
Elementary School & Henry M. Hald High
School Association a/k/a
Bishop Loughlin High School,

              Defendants.
_____

## AMENDED COMPLAINT

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.    Introduction**

1.    This is an action for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Wage & Hour Regulations.

**II.    Parties**

2.    Plaintiff Daniel Arriaga ("Plaintiff" or "Mr. Arriaga") is a natural person residing in the State of New York, County of Bronx. Mr. Arriaga's initial disclosures are incorporated herein by reference.

3. Upon information and belief, Defendants Roman Catholic Church of the Queen of All Saints a/k/a Queen of All Saints School a/k/a Queen of All Saints Elementary School & Henry M. Hald High School Association a/k/a Bishop Loughlin High School are New York religious corporations with principal places of business in the State of New York, County of Kings.

4. The Defendants are schools.

### III. Venue & Jurisdiction

5. Venue in the Eastern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) and 28 U.S.C. Section 112(b) in that the Defendants each have a continuous and systematic presence in the Eastern District of New York. More specifically, the Defendants are both located in Brooklyn, New York.

6. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. The remaining claims arise from the same case or controversy in that thrust of this case is that the Defendants have failed to pay overtime wages to the Plaintiff.

7. Personal jurisdiction exists over the Defendants in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

### IV. Background

8. Mr. Arriaga was employed by Defendant Roman Catholic Church of the Queen of All Saints a/k/a Queen of All Saints School ("Queen of All Saints") for a number of years until his discharge in early 2011. He worked full time until approximately July of 2010.

9. While employed by Queen of All Saints, Mr. Arriaga's normal schedule was 40 hours per week and he was paid $12.63 per hour. However, he regularly worked additional assignments for Queen of All Saints such as a dance or open house and was paid $10.00 per hour with no overtime premium. More specifically, between approximately November 2005 and July of 2008, Mr. Arriaga worked an average of approximately 25 to 30 overtime hours per month and after that an average of 5 to 10 hours per month (for Queen of All Saints). His regular rate of pay was approximately $12.50 an hour and therefore his overtime rate of pay should have been approximately $18.75 per hour. However, he was paid only ten dollars per hour for the extra hours.

10. Mr. Arriaga also began to work for Defendant Henry M. Hald High School Association a/k/a Bishop Loughlin High School ("Bishop Loughlin") in or about June of 2009. This was a part-time position, approximately 20 hours per week, for which he was paid approximately $19.00 per hour. The position terminated in or about July of 2010.

11. Bishop Loughlin and Queen of All Saints are both under control of the Roman Catholic Diocese of Brooklyn and are therefore not completely disassociated from each other in terms of ownership and/or management.

12. Accordingly, Mr. Arriaga's hours spent working for the two Defendants should have been aggregated for purposes of overtime. However, his hours were not so aggregated.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

13. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

14. Both Defendants are covered employers under the Fair Labor Standards Act because one is an elementary school (Queen of All Saints) and the other is a secondary school (Bishop Loughlin).

15. Mr. Arriaga's employment with the Defendants was covered under the Fair Labor Standards Act because he was permitted to work for them; his services were primarily for the benefit of the Defendants; and because the Defendants knew or should have known about the work he did and time he spent doing it.

16. Defendants violated the Fair Labor Standards Act by failing to pay Mr. Arriaga an appropriate overtime premium.

<u>Count II:</u>   <u>Violation of New York Wage & Hour Law</u>

17. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

18. Mr. Arriaga was an employee of the Employer within the meaning of the New York Minimum Wage Act and New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

19. The Employer was an employer within the meaning of those same regulations.

20. The Employer violated the above regulations in that it did not pay Mr. Arriaga properly for some or all of his overtime work.

**[continued on next page]**

WHEREFORE Mr. Arriaga demands judgment against the Defendants in the amount of his unpaid overtime (for the period covered by the applicable statute of limitations periods, i.e. 6 years for his state law claim and 3 years for his federal claim) , together with appropriate liquidated and other multiple damages, costs, fees, interest; and such other and further relief that the Court deems just.

                                          Respectfully submitted,

                                          /s/ David Abrams
                                          _____

                                          David Abrams
                                           Attorney for Plaintiff
                                          Arriaga

                                          299 Broadway, Suite 1700
                                          New York, NY 10007
                                          Tel. 212-897-5821

Dated:       New York, NY
               June 6, 2012